IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAROL KELLEY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1261-L** |
| | § | |
| **OLD MUTUAL FINANCIAL NETWORK** | § | |
| **SECURITIES, INC., and OM FINANCIAL** | § | |
| **LIFE INSURANCE COMPANY,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Carol Kelley's Fed. R. Civ. P. 39(b) Motion for Jury Trial, filed August 19, 2010. Defendants did not file a response to the motion. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff Carol Kelley's Fed. R. Civ. P. 39(b) Motion for Jury Trial.

Plaintiff Carol Kelley ("Plaintiff" or "Kelley") filed her Original Petition in the 382nd Judicial District, Rockwall County, Texas, on May 28, 2010. Kelley asserted claims of breach of contract and bad faith relating to Defendants Old Mutual Financial Network Securities, Inc. and OM Financial Life Insurance Company's (collectively, "Defendants") failure to pay life insurance benefits on behalf of Plaintiff's husband, Bobby Kelley. Plaintiff's Original Petition did not include a jury demand. Defendants removed the case to this court on June 25, 2010.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a jury demand must be made within fourteen days after the last pleading directed to the issue is served. Defendants filed their

Answer in state court on June 24, 2010, and removed the case the next day. Accordingly, Plaintiff has not timely demanded a jury.

Whether to grant a motion pursuant to Rule 39(b) is discretionary with the court. *Farias v. Bexar County Bd. of Trs. for Mental Health Retardation Servs.*, 925 F.2d 866, 873 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991). The Fifth Circuit has set forth the following five factors that a court should consider under Rule 39(b):

(1) whether the case involves issues which are best tried to a jury;
(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
(3) the degree of prejudice to the adverse party;
(4) the length of the delay in having requested a jury trial; and
(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Kelley argues that each of the five factors weighs in favor of granting her motion. She contends that this case, an insurance dispute, is the sort usually tried to a jury. She argues that the second factor also weighs in favor of allowing her jury demand because this case is in its initial stages and no discovery has taken place. Kelley contends that there is no prejudice to Defendants due to the early stage of this litigation. As to the delay in requesting a jury trial, Plaintiff contends that granting her motion will not delay a trial given the stage of the case. Finally, Kelley argues that the reason a jury demand was not made was an honest mistake by her counsel, who believed that a demand had been made with the Original Petition. Defendants have not filed a response, and the court therefore determines that they do not oppose the relief Plaintiff seeks.

The court determines that each of the five factors weighs in favor of granting Plaintiff's motion. Although a Scheduling Order has been entered since she filed the motion, the trial of this

case is not set until June 2011. The case is in its earliest stages, there is no legal prejudice to Defendants, and Plaintiff's failure to file a jury demand was an honest mistake by her counsel. Moreover, a court in exercising its discretion "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l*, 916 F.2d at 1064 (citation omitted). No such reasons exist. Accordingly, the court **grants** Plaintiff Carol Kelley's Fed. R. Civ. P. 39(b) Motion for Jury Trial. Plaintiff shall file her jury demand within **three business days** of this memorandum opinion and order.

**It is so ordered** this 15th day of September, 2010.

Sam A. Lindsay
United States District Judge